J. D. STIRES V. FIRST NATIONAL BANK OF COLUMBUS, AP-
PELLANT; COLUMBUS STATE BANK, APPELLEE.

FILED JANUARY 9, 1909. No. 15,411.

1. **Bankruptcy**: CONTRACT BETWEEN CREDITORS: ASSIGNMENT OF DIVI-
   DENDS. A contract between two creditors of a common debtor,
   wherein one agrees that a debt owing to a third creditor may be
   preferred by the debtor, if purchased by the other contracting
   creditor, does not amount to an assignment of the first party's
   debt, nor of dividends declared thereon in subsequent bankruptcy
   proceedings.

2. ———: DIVIDENDS. A note pledged by a third party as security
   for the payment of a debt stands in the position of a surety for
   the payment of the principal debt, and funds paid upon the
   pledged note will be applied upon the debt secured.

APPEAL from the district court for Platte county: CON-
RAD HOLLENBECK, JUDGE. *Reversed with directions.*

*Albert & Wagner* and *Edson Rich,* for appellant.

*A. M. Post* and *J. D. Stires, contra.*

EPPERSON, C.

The parties to this appeal are interpleaders in an ac-
tion instituted in the court below by J. D. Stires, trustee
in bankruptcy of the estate of Garrett Hulst. The funds
in controversy are dividends which the trustee has col-
lected, and which were declared upon the claim of the
appellant as a creditor of the bankrupt. The material
facts may be stated in substance as follows: On June 15,
1904, Garrett Hulst was in the merchandise business in
Columbus, and owned a large stock of goods. His four
principal creditors, and the amounts owing to each on
their respective notes, as subsequently allowed, are as
follows: The Hundley Smith Dry Goods Company, $11,-
560.41; First National Bank of Columbus, $7,130.50;
Columbus State Bank, $10,995.98; and Lucy Hulst, $12,-

16

724. Early in 1904 Lucy Hulst, who is the mother of the bankrupt, pledged her note to the Hundley Smith company as security for its indebtedness against Hulst. On June 15, 1904, the Hundley Smith company was pressing its claim and threatening to institute bankruptcy proceedings to enforce its payment. The two banks, in order to prevent such proceedings, entered into a written agreement of which the following is a copy: "In consideration of the purchase by the undersigned, the Columbus State Bank, of a certain note and account owing by Garrett Hulst to the Hundley Smith Dry Goods Company, amounting in the aggregate to the sum of $11,160.47, exclusive of interest, and the extension of time for payment of said claim and any and all other indebtedness owing by said Hulst to said bank, to the end that said Hulst may continue his business and avoid the cost to all creditors which would follow the institution of proceedings in bankruptcy against said Hulst now threatened by said Hundley Smith Dry Goods Company, the undersigned, the First National Bank of Columbus, hereby agrees that all money, the proceeds of the business of said Hulst, less necessary expenses and money owing by him for goods heretofore purchased and such as may hereafter be necessary to supply current needs, shall be paid by said Hulst to the Columbus State Bank and credited by it upon the debt so purchased from the Hundley Smith Dry Goods Company until payment of such debt in full, and upon payment of the debt last above mentioned the money applicable upon the claims of either party hereto shall be applied *pro rata* upon the respective claims of the respective banks and of Mrs. Lucy Hulst." Hulst consented to the arrangements thus made by the banks. The State bank paid the claim of the Hundley Smith company, and received an assignment thereof, together with the Lucy Hulst note. Soon after the execution of the above agreement by the banks, Hulst assigned to the State bank certain book accounts, and Lucy Hulst made an assignment to the State bank of her note against Hulst, pledging the

same again as security for the debt assigned to said bank
by the Hundley Smith company, and further pledged the
same to secure the original indebtedness owing by Hulst
to said bank. Hulst did not pay any part of the Hundley
Smith claim. In October following Hulst was declared a
bankrupt, and his estate has been fully administered by
the trustee. In the bankruptcy court the National bank
filed its claim, and the State bank its original claim, also
the note bought of Hundley Smith company, and the
pledged note of Lucy Hulst. All these claims were al-
lowed as liabilities of the estate. The trustee realized
42.36 per cent. of the indebtedness. *Prima facie* the Na-
tional bank is entitled to the dividends, amounting to
$3,020.49, payable upon its note. The State bank con-
tends that, under and by virtue of the above contract, it is
entitled to apply the dividends declared upon the National
bank's note to the payment of the claim bought of the
Hundley Smith company, or so much thereof as will be
sufficient, with the dividends declared upon the Hundley
Smith claim itself and the original claim of the State
bank, to satisfy it; and, further, that the dividends upon
the Lucy Hulst note are not applicable upon the Hundley
Smith claim. The lower court found for the State bank,
and the National bank appeals.

Appellee's argument does not appeal to us as a proper
disposition of this case. Appellant did not by the con-
tract assign or pledge its note to the appellee, nor the
dividends which might thereafter be declared in the bank-
ruptcy proceedings. At most the contract was only an
agreement on the part of the appellant that the debtor
Hulst might prefer the claim assigned to the appellee by
the Hundley Smith company, or that from the proceeds
of Hulst's business that claim should be first paid. The
contract was not made in contemplation of Hulst's bank-
ruptcy, but quite the contrary. It contemplated that
bankruptcy proceedings should not be instituted, and that
Hulst would be able to pay out if not pressed by the
Hundley Smith company. Lucy Hulst had no property

except her son's note. It was not desirable security except in the event that it should become collectible. The contract contemplated that the indebtedness owing to the Hundley Smith company should be paid before any of the funds apparently available should be paid to any of the other three principal creditors. The Lucy Hulst note stood pledged as security for the Hundley Smith claim, and by the assignment of that claim to the appellee it became a security in the hands of the latter for the payment of the Hundley Smith note. It is immaterial, so far as our inquiry is concerned, that it was later pledged also as security for the original claim of the appellee. When the contract was made, the Lucy Hulst note was apparently without value as security, but, when any amount thereof became collectible, it was of value, and the amount paid thereon was applicable upon the debt which it was first pledged to secure. The appellant, by agreeing that the Hundley Smith claim should be preferred, became interested in seeing that all funds available for its payment were applied thereon.

The appellee asserts as the essential provision of the contract that portion thereof which provides that, upon the payment of the Hundley Smith claim, "the money applicable upon the claim of either party hereto shall be applied *pro rata* upon the respective claims of the respective banks and of Mrs. Lucy Hulst." The lower court found that after the payment of the Hundley Smith claim the amount of dividends declared upon the claim of the National bank and the original claim of the State bank should be paid *pro rata* upon these two debts and the note of Lucy Hulst, and this without regard to the dividends payable upon the Lucy Hulst note. We cannot find any law, equity or justice in such a distribution. The contract did not release Hulst nor his bankrupt estate from paying the Lucy Hulst note. It did not release it as security for the payment of the Hundley Smith claim. Although the contract did not contemplate that the Lucy Hulst note would be paid until after the terms

of the contract had been complied with, yet it did not stipulate to the contrary. It is apparent that the banks intended by this clause of their contract that neither should attempt to procure a preference over the other or over Lucy Hulst, but that the funds available, after the payment of the Hundley Smith claim, should be paid *pro rata* upon the three remaining principal claims. Had the Hundley Smith claim been secured by collateral not pertaining to Hulst's business, it could not be said that the State bank could discard the same, or appropriate it to the payment of other indebtedness simply because the contract contemplated that the principal indebtedness would be paid by the principal debtor, and that occasion would not require the enforcing of the securities. Parties are entitled to all the benefits of their contract although, when made, they were apparently of little or no value. The contract entered into was made with reference to the fact that the Lucy Hulst note was pledged as security for the Hundley Smith claim, and the parties are entitled to the benefits derived from such security. To permit the State bank to apply the proceeds thereof upon their original indebtedness by reason of the subsequent pledge therefor would be to enforce against the National bank a contract to which it was not a party.

As contended for by appellant, the Lucy Hulst note stood in the position of surety for the payment of the Hundley Smith claim, and as such the dividends paid thereon must be applied. But appellee contends that appellant is foreclosed of this contention because inconsistent with its answer in the court below. There appellant did allege that the contract was rendered inoperative by reason of Hulst's disposition of his business and subsequent bankruptcy. Possibly the case might well be disposed of along the line suggested by the answer, but we do not so decide. The facts were set forth in the pleadings, and the appellant claimed the amount declared as a dividend upon its note. *Prima facie* it was entitled to it. Under these circumstances, inconsistency in pleading or a

change of theories is not very damaging. Appellee must rely upon the strength of his own case, and not upon the inconsistencies of an adversary so strongly fortified.

The amount collected by the State bank from the book accounts, and the dividends upon the Hundley Smith and Lucy Hulst notes, were sufficient to pay the Hundley Smith claim in full. With this appellee must rest content.

We recommend that the judgment of the lower court be reversed and this cause remanded that judgment may be entered conforming to this opinion.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, this cause is reversed and remanded, with instructions to the lower court to enter judgment conforming thereto.

JUDGMENT ACCORDINGLY.