J. D. STIRES V. FIRST NATIONAL BANK OF COLUMBUS, APPELLANT; COLUMBUS STATE BANK, APPELLEE.

FILED JANUARY 20, 1910.    No. 15,411.

Former judgment of reversal (83 Neb. 193) adhered to.

REHEARING of case reported in 83 Neb. 193. *Judgment of reversal adhered to.*

BARNES, J.

This case is before us on a rehearing. It appears that one Garrett Hulst, a merchant doing business at Columbus, Nebraska, was insolvent, and, so far as the record discloses, owed but four creditors, namely: The Hundley-Smith Dry Goods Company, $11,560.40; the First National Bank of Columbus, $7,130.50; Columbus State Bank $10,995.98; and Lucy Hulst (his mother), $12,724. The last named debt was evidenced by his promissory note, which will be hereafter called the Lucy Hulst note. The Lucy Hulst note had been indorsed by her and delivered to the Hundley-Smith Dry Goods Company as collateral security for its account against her son. She had also indorsed his notes to the First National Bank. The dry goods company was threatening bankruptcy proceedings against Garrett Hulst; and to prevent such action, to conserve his assets and to enable him to continue in business, the banks entered into the contract referred to in the pleadings, in the briefs, and in our former opinion. The negotiations originally contemplated that the banks should jointly take up the dry goods company's account, but the national bank failed to consummate the arrangement. Thereupon the state bank purchased said account, and took an assignment of all of the Hulst book accounts, and a second assignment from Lucy Hulst of her note to secure not only the dry goods company's account, but the indebtedness of Garrett Hulst to said bank. The Lucy Hulst note was turned over by the dry goods

company to the state bank  The evidence, as we understand it, fails to show that the first assignment by Mrs. Hulst to the dry goods company was in any manner abrogated.  The transfer of the dry goods company's account and the assignment of the Lucy Hulst note to the said bank occurred June 14, 1904.  In October of that year Garrett Hulst was adjudged a bankrupt, and $3,020 in dividends were apportioned to the claim of the national bank.  The state bank claimed the greater part thereof, and the receiver in bankruptcy for his own protection brought this action in the nature of an interpleader.  The district court segregated all dividends accruing on the Lucy Hulst note, and directed that no part thereof should be applied to the dry goods company account.  It then applied, from the assets of the bankrupt, sufficient money to liquidate said account, and distributed the remainder of said assets *pro rata* upon the claims of the banks and the Lucy Hulst note, so that there was adjudged to be paid to the national bank only $462.86.  We held that this was error.

We are still of opinion that, when Garrett Hulst assented to the arrangement between his creditors, he thereby made an equitable assignment of his estate to them, with preference to the dry goods company account, and equal rights in proportion to their claim as to the other creditors.  It seems clear that at that time it was not believed by the creditors that bankruptcy proceedings would be instituted, but that Hulst's debts would be liquidated in the ordinary course of business.  All of the creditors expected the dry goods company account to be paid in full before any other debt would be paid.  It was also understood and agreed that after the payment of that account there would remain but three creditors, to wit, the banks and Lucy Hulst, and the contract provided for the payment of their claims *pro rata*.  None of the parties hereto claims any peculiar rights under the bankruptcy law, and this case should be determined ac-

54

cording to the terms of the contract. The bankruptcy proceedings merely gave each one of the creditors a lien on the assets of the estate, and accomplished what a court of equity would have decreed at the suit of either of the banks. The distribution therefore should be: First, the payment of all costs; second, the payment of the dry goods company account in full by (a) applying the money collected on the book accounts, (b) the dividend due on the dry goods company claim, (c) the dividend due on the Lucy Hulst claim, (d) and so much of the dividends due the banks as may be necessary for that purpose; third, to prorate the remainder of the assets on the claims of the state bank, the national bank, and Lucy Hulst, in the proportion that each bears to the aggregate of said claims and the amount to be distributed. This accords with our former opinion, 83 Neb. 193.

It is urged, however, that the state bank has, by its pleadings, repudiated the contract and cannot now claim anything thereunder. In some forms of actions this might be so, but this is a proceeding brought by the trustee in bankruptcy for the sole purpose of his own protection in distributing the assets of the bankrupt, and, no matter what the contentions of the creditors may be, he is entitled to a decree which will determine their equities and be a full protection to him as against their claims.

We are satisfied that our former judgment is right, and therefore it is adhered to.

JUDGMENT ACCORDINGLY.